UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
FRANK FARRICKER,

                    Plaintiff,

                    -against-

PENSON DEVELOPMENT, INC.,

                    Defendant.
----------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/04/10

07 Civ. 11191 (DAB)
MEMORANDUM & ORDER

## I. INTRODUCTION

Plaintiff/Counterclaim Defendant Frank A. Farricker ("Farricker") moves for a Partial Motion to Dismiss Defendant/Counterclaim Plaintiff Penson Development, Inc.'s ("Penson Inc.") Counterclaims Two and Three. Familiarity with the facts is presumed as they were set forth in the Court's Order of March 31, 2009. For the reasons below, the Court DISMISSES Counterclaim One, sua sponte. The Court GRANTS Farricker's Partial Motion to Dismiss Counterclaims Two and Three, with prejudice and without leave to replead. However, if it chooses to do so, Penson Inc. will be permitted to replead a breach of contract claim against Farricker for $3000 allegedly borrowed to pay for heating oil.

## II. DISCUSSION

### A. Legal Standard

For a complaint to survive dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief

that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 556-57). "[A] plaintiff's obligation...requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (internal quotation marks omitted).

In ruling on a 12(b)(6) motion, a court may consider the complaint as well as "any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." <u>Zdenek Marek v. Old Navy (Apparel) Inc.</u>, 348 F.Supp.2d 275, 279 (S.D.N.Y. 2004) (<u>citing</u> <u>Yak v. Bank Brussels Lambert</u>, 252 F.3d 127, 130 (2d Cir. 2001) (internal quotations omitted)). In addition, 12(b)(6) applies to both claims and counterclaims alike and with equal force. <u>See</u> <u>Cohen v. Stephen Wise</u>, 1996 WL 159096 (S.D.N.Y. 1996).

B. Farricker's Motion to Dismiss Penson Inc.'s Counterclaims

1. Counterclaim One

Farricker has not moved to dismiss Counterclaim one under 12(b)(6).  However, the Court noticed that in Paragraph 22 of Penson Inc.'s Answer and Counterclaims, Penson Inc. pleads that "Farricker borrowed $12,000 from Edward Penson, and Farricker signed a note agreeing to repay that amount to Mr. Penson's personal company, Stylosson, LLC." It is clear that Edward Penson and Stylosson, LLC are not parties to the case.  It is not enough that Mr. Penson is a central figure or his other companies are central figures in this case.  Accordingly, this Court has no jurisdiction as to this claim and must dismiss Counterclaim One.

2. Counterclaim Two

Penson Inc.'s Counterclaim Two is a vaguely worded claim, alleging that "Farricker has caused significant damage to Penson in several regards, including causing it to incur $25,000 in broker fees, with exposure to even greater liability in that regard, costing Penson thousands of dollars worth of heating fuel oil, and costing Penson millions of dollars in losses to the extent he did undertake to present "Deals" to the company." (Penson Inc.'s Answer to TAC & Counterclaims ¶ 33.)  In an email to Farricker's Counsel, Penson attempted to clarify the Claim, alleging that Farricker "committed ultra vires acts which caused

3

damage to Penson." (Bricknell email to Iadevais, dated June 30,
2009.)

Farricker argues that Counterclaim Two: (1) does not meet
the minimal standard in Iqbal; and (2) violates Section 193 of
New York Labor Law, as that law prohibits employers from bringing
causes of action for damages against employees for failure to
perform work properly.

Section 193 of New York's Labor Law provides, in relevant
part, that: "[n]o employer shall make any deduction from the
wages...except deductions which... are expressly authorized in
writing by the employee and are for the benefit of the
employee...[s]uch authorized deductions shall be limited to
payments for insurance premiums, pension or health and welfare
benefits...and similar payments for the benefit of the employee."

N.Y. Labor Law § 193.  Under Section 193, an employer cannot
recover damages based on a lack of performance.  Burke v.
Steinmann, 2004 WL 1117891 *6-7 (S.D.N.Y. 2004).  In Count Two,
Penson Inc. alleges that Farricker promised two different real
estate brokers that Penson Inc. would pay for their services and
these actions by Farricker were not authorized.  Penson Inc.
further alleges that it has already paid one broker and is
exposed to a claim from another broker.  These ultra vires acts

4

constitute part of Penson Inc.'s Counterclaim Two.[1]

As Farricker points out, under New York law, an employer may not assert a claim for damages against an employee for that employee's negligent acts or sue that employee for lost profits caused by poor performance.  Burke, 2004 WL 1117891, at *6-7. Termination is the only remedy available for an employer for malfeasance in job performance or breach of employment contract. Gortat v. Capala Bros., Inc., 585 F.Supp.2d 372, 375-76 (E.D.N.Y. 2008).  Even if Penson Inc. could proves allegations (that Farricker hired brokers to assist in deals), this would not support a cognizable claim against Farricker.  This is exactly the type of claim that New York law prevents: an attempt to collect damages from an employee (Farricker) for allegedly poor or negligent behavior.  Part of Farricker's duties was to identify real estate projects. (Penson's Answer to TAC & Counterclaims ¶ 33.)  The fact that Farricker allegedly used the services of a broker to identify and consummate these deals, without authorization, may have been inappropriate, but it is not part of an actionable claim.

In addition, Penson Inc.'s argument that these ultra vires acts also are breaches of good faith and loyalty must also fail.

_____

[1]      As to Penson Inc.'s allegations regarding the heating oil and television, see infra.

The duty of loyalty "has been limited to cases where the employee, acting as the agent of the employer, unfairly competes with his employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks." <u>Veritas Capital Management L.L.C. v. Campbell</u>, 2008 WL 5491146 *10-11 (N.Y. Sup. 2008).  Penson Inc. does not allege anything other than Farricker's actions were unauthorized and can not cite to one case factually and legally on point to support its position.  In addition, Penson Inc.'s claim simply does not make sense.  In the face of discovering Farricker's alleged misdeeds in engaging broker Rivi Matalon, Penson Inc. did not terminate Farricker.  Also, Farricker did not divert a business opportunity - his actions were to the benefit Penson Inc.  While not clear on the record, Penson Inc. may have even made a profit on the deals that involved allegedly unauthorized brokers.  Accordingly, the alleged ultra vires acts of Farricker relating to the engagement of brokers under Counterclaim Two are not part of a cognizable claim.

Penson Inc. also alleges that Farricker: (1) attempted to charge Penson Inc. for $3,000 in heating oil for his personal use, but when Penson Inc. discovered this, it loaned Farricker the money to cover the amount, which remains unpaid; and (2) Farricker attempted to charge a television to Penson Inc., but

6

when Penson Inc. discovered this, it loaned Farricker the money
to cover the amount, however this amount was repaid.

Just as with the allegations of improprieties in hiring
brokers, Penson Inc.'s actions with the heating oil and
television are telling. When Penson Inc. allegedly discovered the
heating oil and television, Penson Inc. did not fire Farricker
for these "ultra vires acts." Instead, Penson Inc. loaned
Farricker the money for the items.  Farricker's actions in
allegedly charging Penson Inc. for these items can not be
construed in any way as ultra vires acts or be the basis for a
claim in Counterclaim Two.  In fact, since the money for the
television has been repaid, Penson Inc. can have no possible
claim against Farricker.  However, since Farricker allegedly
still owes money for $3,000 in heating oil, the Court will allow
Penson Inc. to replead for a breach of contract claim for this
claim alone.

Accordingly, Penson Inc.'s Counterclaim Two is HEREBY
DISMISSED, with prejudice.  No repleading will be permitted.
Penson Inc. will be permitted to replead a breach of contract
claim to pursue the alleged $3,000 owed for heating oil.

### 3. Counterclaim Three

In Counterclaim Three, Penson Inc. seeks to recoup all

7

compensation it paid to Farricker during the period of his
employment because Farricker acted as a "faithless fiduciary."
(Penson's Answer to TAC & Counterclaims ¶ 33.)  At a bare
minimum, this claim does not come even close to meeting the
pleading requirements under Twombly and Iqbal.  See supra.
Penson Inc. does not even provide "a formulaic recitation of the
elements of a cause of action" rejected under Twombly.  Twombly,
550 U.S. at 555.  This alone is a basis for dismissal of
Counterclaim Three.  Further though, this claim must fail for the
same reasons as the Court's analysis in Counterclaim Two.  This
claim is nothing more than an attempt to collect damages from an
employee whose performance is now being questioned.  Gortat,
Inc., 585 F.Supp.2d at 375-76. In addition, Farricker has not
demonstrated a violation of any duty of loyalty, or for that
matter any fiduciary duty.  Veritas Capital Management L.L.C.,
2008 WL 5491146 *10-13.  Accordingly, Penson Inc.'s Counterclaim
Three is HEREBY DISMISSED, with prejudice.  No repleading will be
permitted.

### III. CONCLUSION

For the reasons above, the Court DISMISSES Counterclaim One,
sua sponte.  The Court GRANTS Farricker's Partial Motion to
Dismiss Counterclaims Two and Three, with prejudice and without

leave to replead. However, if it chooses to do so, Penson Inc. will be permitted to replead a breach of contract claim against Farricker for $3000 allegedly borrowed to pay for heating oil. Penson Inc. shall be permitted to replead for its heating oil claim within 30 days of the date of this Order.  No Motion to Dismiss will be entertained on that claim.  Farricker shall answer within 60 days of the date of this Order, regardless of whether Penson repleads.

       SO ORDERED.

Dated:     New York, New York
           March  4 , 2010

                                    Deborah A. Batts
                                    United States District Judge

9